NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 13-1902
_____

WAYNE S. LIPSCOMB,
as administratrix of the Estate of Moses Walker, Jr.,
on behalf of his decedents heirs-at-law and next-of-kin,
                                                            Appellant

v.

PENNSYLVANIA BOARD OF PROBATION & PAROLE;
MICHAEL POTTEIGER, individually and in his official capacity
as Chairman of the Pennsylvania Board of Probation and Parole;
JUAN RODRIGUEZ, individually and in his official capacity as an
agent with the Pennsylvania Board of Probation and Parole;
ROSA HERNANDEZ, individually and in her capacity as an
agent with the Pennsylvania Board of Probation and Parole;
MICHELLE RIVERA, individually and in her official capacity as an
agent with the Pennsylvania Board of Probation and Parole
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA
(E.D. Pa. No. 2-12-cv-06373)
District Judge: Honorable Harvey Bartle, III
_____

Submitted Under Third Circuit LAR 34.1(a)
November 5, 2013
_____

Before: GREENAWAY, JR., VANASKIE and ROTH, *Circuit Judges*.

(Filed: January 30, 2014)

_____

OPINION

_____

GREENAWAY, JR., *Circuit Judge*.

Plaintiff-Appellant Wayne S. Lipscomb ( "Appellant"), on behalf of the Estate of

Moses Walker, Jr. ("Officer Walker"), appeals the District Court's dismissal of claims

brought under 42 U.S.C. § 1983 against Jose Rodriguez ("Officer Rodriguez"), Michael

C. Potteiger, Rosa Hernandez, Michelle Rivera, and the Pennsylvania Board of Probation

and Parole (collectively, the "Defendants"). For the reasons discussed below, we will

affirm the District Court.

## I.      BACKGROUND

Because we write primarily for the parties who are familiar with the facts and

procedural history, we recount only the essential facts. On October 16, 2011, Rafael

Jones ("Jones") was released from state prison after serving the maximum sentence for

carrying a firearm without a license, at which point his three-year probationary period

began. In February of 2012, Jones was arrested and charged with robbing a man at

gunpoint in Philadelphia, Pennsylvania, which violated the terms of his probation. At a

probation hearing, the presiding judge indicated that Jones' supervising probation officer,

Officer Rodriguez, should "drop the detainer," or seek to have Jones re-incarcerated, if

Jones violated the terms of his probation by testing positive during one of his weekly

drug tests. The presiding judge also required Defendants to place Jones on house arrest

2

and under electronic monitoring for a period of six months. Despite the District Court's order, Defendants never effectuated Jones' house arrest or electronic monitoring. Within a month, Jones failed a drug test. On August 15, 2012, Defendants denied Officer Rodriguez's request for a warrant to arrest Jones for the positive drug test and probation violation. Three days later, on August 18, 2012, Jones tragically shot and killed Officer Walker, a Philadelphia police officer with a distinguished career of public service.

Appellant, on behalf of Walker, subsequently filed suit claiming, *inter alia*, that, pursuant to § 1983, Defendants denied Officer Walker substantive due process under the Fourteenth Amendment by not protecting Officer Walker from harm ultimately inflicted by Jones. The District Court granted all of Defendants' motions to dismiss.

## II.     JURISDICTION AND STANDARD OF REVIEW

The District Court had jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

We exercise plenary review over a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6), *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). We will determine that a motion to dismiss is properly granted "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, [we] find[] that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## III.   ANALYSIS

### A. *State-Created Danger Theory*

Appellant argues that Defendants set forth and executed a policy whereby they "designate[d] specific dates/times during which they [would] not seek and/or issue arrest warrants for probation/parole violations." (Appellant Br. 11.) This policy was allegedly designed to "give the appearance that the recidivism rates for probation/parole violations are lower than what they would otherwise be." (*Id.*) In accordance with this policy, Defendants, according to Appellant, failed to arrest Jones for his probation violation. The failure to arrest Jones allegedly created the circumstances leading to Officer Walker's demise.

In *Kneipp v. Tedder*, 95 F.3d 1199, 1201 (3d Cir. 1996), we first adopted the state-created danger theory as another avenue to remedy a constitutional violation in suits brought under § 1983. Under *Kneipp*, liability may attach where the state acts to create or enhance a danger that deprives a plaintiff of his Fourteenth Amendment right to substantive due process. *Kneipp*, 95 F.3d at 1205; *see also Morrow v. Balaski*, 719 F.3d 160, 177-79 (3d Cir. 2013). To prevail on this theory, a plaintiff must prove the following four elements: 1) the harm ultimately caused was foreseeable and fairly direct; 2) a state actor acted with a degree of culpability that shocks the conscience; 3) a relationship between the state and the plaintiff existed such that the plaintiff was a foreseeable victim of the defendant's acts, or a member of a discrete class of persons subjected to the potential harm brought about by the state's actions, as opposed to a

4

member of the public in general; and 4) a state actor affirmatively used his or her authority in a way that created a danger to the citizen or that rendered the citizen more vulnerable to danger than had the state not acted at all.  *Id.*

In the case at bar, the District Court dismissed all claims brought under § 1983 against each of the Defendants pursuant to the state-created danger theory.  We will affirm.

"[T]he first inquiry in any 1983 suit . . . is whether the plaintiff has been deprived of a right secured by the Constitution and laws of the United States."  *Martinez v. California*, 44 U.S. 277, 284 (1980) (internal quotation marks omitted).  The answer to that inquiry disposes of this case.  *Id.*  In *Martinez*, the complaint alleged that the State of California had released on parole a person who had been convicted of attempted rape.  444 U.S. at 279.  The parolee had been committed to a state mental hospital and then sentenced to twenty years in state prison.  *Id.*  After five years, he was released on parole and five months later murdered a fifteen-year-old girl.  *Id.* at 279-80.

In upholding the dismissal of the complaint against the state as not stating a claim under § 1983, the Supreme Court explained that the fifteen-year-old girl's "life was taken by the parolee . . . after his release," he "was in no sense an agent of the parole board," and "the parole board was not aware that [the girl], as distinguished from the public at large, faced any special danger."  *Id.* at 285.  Thus, the Supreme Court determined that since the girl's "death is too remote a consequence of the parole officers' action to hold them responsible under the federal civil rights law," it could not be said that the officers

5

themselves, in a constitutional sense, deprived the decedent of her life. *Id.*

In the instant case, as in *Martinez*, Defendants' actions cannot be said to have deprived Officer Walker of his life. *Martinez v. California*, 444 U.S. at 283-85. Even assuming that the officers could have, but did not, cause Jones to be arrested on or before August 18, 2012, the killing of Officer Walker by Jones is too remote a consequence of the failure to arrest Jones to constitute a cognizable "deprivation" by Defendants under the Fourteenth Amendment. *See DeShaney v. Winnebago Cnty. Dep't of Social Servs.*, 489 U.S. 189, 197 n.4 (1989) (explaining that in *Martinez*, "we affirmed the dismissal of the claim on the . . . ground that the causal connection between the state officials' decision to release the parolee from prison and the murder was too attenuated to establish a 'deprivation' of constitutional rights within the meaning of § 1983"); *Martinez v. California*, 444 U.S. at 284-85 ("Although the decision to release [the parolee] from prison was action by the State, the action of [the parolee] five months later cannot be fairly characterized as state action.").

In its opinion, the District Court concluded that, even "assuming that all the other elements [of the state-created danger theory] . . . have been satisfied," the third element was not met because "any threat [Defendants] created was to the general population and not simply to a discrete individual or discrete class of individuals." (App. 11 (citing *Morse v. Lower Merion School District*, 132 F.3d 902, 913 (3d Cir. 1997).) Appellant argues that the District Court erred in so ruling, for police officers are "a distinct class of individuals" who "are at a greater risk than the general public within the context of a[n

6

encounter with a] parolee . . ." (Appellant Br. 28.)  We disagree.  There is no case law support for this proposition and we decline to expand the state-created danger theory by ruling in accordance with Appellant's assertion.

## B. *Qualified Immunity*

Defendants argue that we can affirm the District Court's ruling on qualified immunity grounds, (*see, e.g.*, Appellee Hernandez Br. 13-15), because "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  However, "it is not necessary for us to decide any question concerning the immunity of state parole officials as a matter of federal law," given that Defendants did not deprive Officer Walker of a right secured by the Constitution and laws of the United States.  *Martinez*, 444 U.S. at 584.

## IV.   CONCLUSION

For the foregoing reasons, we will affirm the District Court's dismissal of the § 1983 claims as against each of the Defendants.